ORIGINAL

FILED
JUN 22 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

1  LYNN HUBBARD, III, SBN 69773
2  SCOTTLYNN J HUBBARD, IV, SBN 212970
   **DISABLED ADVOCACY GROUP, APLC**
3  12 Williamsburg Lane
   Chico, CA 95926
4  Telephone: (530) 895-3252
5  Facsimile: (530) 894-8244

6  Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDI RUSH, | No. '10 CV 1317 H  WVG |
| Plaintiff, | |
| vs. | **Plaintiff's Complaint** |
| REGAL CINEMAS, INC. dba SAN MARCOS STADIUM 18; GIBRALTAR SAN MARCOS S, LLC; SAN MARCOS EDWARDS 13, LLC; SAN MARCOS EDWARDS 21, LLC; SAN MARCOS EDWARDS 22, LLC; SAN MARCOS EDWARDS 23, LLC; SAN MARCOS EDWARDS 24, LLC; SAN MARCOS EDWARDS 25, LLC; SAN MARCOS EDWARDS 26, LLC; SAN MARCOS EDWARDS 27, LLC; SAN MARCOS EDWARDS 28, LLC; SAN MARCOS EDWARDS 29, LLC; SAN MARCOS EDWARDS 30, LLC, | |
| Defendants. | |

*Rush v. Regal Cinemas, Inc. dba San Marcos Stadium 18, et al.*
Plaintiff's Complaint

Page 1

CR

## I. SUMMARY

1. This is a civil rights action by plaintiff Sandi Rush ("Rush") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

San Marcos Stadium 18
1180 West San Marcos Boulevard
San Marcos, CA 92078
(hereafter referred to as "the Theater")

2. Rush seeks damages, injunctive and declaratory relief, attorney fees and costs, against: Regal Cinemas, Inc. dba San Marcos Stadium 18; Gibraltar San Marcos S, LLC; San Marcos Edwards 13, LLC; San Marcos Edwards 21, LLC; San Marcos Edwards 22, LLC; San Marcos Edwards 23, LLC; San Marcos Edwards 24, LLC; San Marcos Edwards 25, LLC; San Marcos Edwards 26, LLC; San Marcos Edwards 27, LLC; San Marcos Edwards 28, LLC; San Marcos Edwards 29, LLC; San Marcos Edwards 30, LLC (hereafter collectively referred to as "San Marcos Stadium 18") pursuant to the Americans with Disabilities Act of 1990, (42 U.S.C. §§ 12101 et seq.), and related California statutes.

## II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5. Rush's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

7. San Marcos Stadium 18 owns, operates, and/or leases the Theater, and consists of a person (or persons), firm, and/or corporation.

8. Rush is a paraplegic who is unable to walk or stand, and requires the use of a wheelchair when traveling about in public. Consequently, Rush is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9. The Theater is a place of exhibition or entertainment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10. Rush visited the Theater and encountered barriers (both physical and intangible) that interfered with—if not outright denied—her ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by Rush, the barriers at the Theater included, but are not limited to, the following:

- The signage at the van accessible parking spaces is incorrect;
- The parking spaces have slopes and cross slopes that exceed 2.0%;
- The access aisles have slopes and cross slopes that exceed 2.0% due to the encroaching built-up curb ramp;
- The ramp leading from the disabled parking spaces has handrails that are obstructed by the mounting brackets;
- The ramp leading from the individual theatre's door to the seating area has hand rails that are obstructed by the mounting brackets;
- None of the water closet stalls are designated as being accessible to the disabled;
- The soap dispensers are mounted outside of the required reach range limits;

- The pipes beneath the lavatories are improperly and incompletely wrapped;
- There is insufficient clear knee space beneath the middle lavatory (of each set of lavatories);
- There is insufficient strike side clearance when exiting the restroom;

*Restroom Stall No. 1 (wider stall):*

- There is no handle mounted below the water closet stall door lock;
- The toilet tissue dispenser is more than 12 inches from the front of the water closet;
- The disposable seat cover dispenser is more than 40 inches from the floor;

*Restroom Stall No. 2 (narrower stall):*

- There is no handle mounted below the water closet stall door lock;
- The toilet tissue dispenser is more than 12 inches from the front of the water closet; and,
- The disposable seat cover dispenser is more than 40 inches from the floor.

These barriers prevented Rush from enjoying full and equal access.

11. Rush was also deterred from visiting the Theater because she knew that the Theater's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as herself). She continues to be deterred from visiting the Theater because of the future threats of injury created by these barriers.

12. Rush also encountered barriers at the Theater, which violate state and federal law, but were unrelated to her disability. Nothing within this complaint, however, should be construed as an allegation that Rush is seeking to remove barriers unrelated to her disability.

13. San Marcos Stadium 18 knew that these elements and areas of the Theater were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, San Marcos Stadium 18 has

the financial resources to remove these barriers from San Marcos Stadium 18 (without much difficulty or expense), and make the Theater accessible to the physically disabled. To date, however, San Marcos Stadium 18 refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14. At all relevant times, San Marcos Stadium 18 has possessed and enjoyed sufficient control and authority to modify the Theater to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. San Marcos Stadium 18 has not removed such impediments and has not modified the Theater to conform to accessibility standards. San Marcos Stadium 18 has intentionally maintained the Theater in its current condition and has intentionally refrained from altering the Theater so that it complies with the accessibility standards.

15. Rush further alleges that the (continued) presence of barriers at the theater is so obvious as to establish San Marcos Stadium 18's discriminatory intent. On information and belief, Rush avers that evidence of this discriminatory intent includes San Marcos Stadium 18's refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Theater; conscientious decision to the architectural layout (as it currently exists) at the Theater; decision not to remove barriers from the Theater; and allowance that San Marcos Stadium 18's property continues to exist in its non-compliant state. Rush further alleges, on information and belief, that San Marcos Stadium 18 is not in the midst of a remodel, and that the barriers present at the Theater are not isolated (or temporary) interruptions in access due to maintenance or repairs.[1]

---

[1] Id.; 28 C.F.R. § 36.211(b)

*Rush v. Regal Cinemas, Inc. dba San Marcos Stadium 18, et al.*
Plaintiff's Complaint

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

<u>Denial of "Full and Equal" Enjoyment and Use</u>

16. Rush incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

18. San Marcos Stadium 18 discriminated against Rush by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Theater during each visit and each incident of deterrence.

<u>Failure to Remove Architectural Barriers in an Existing Facility</u>

19. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." <u>Id.</u> § 12181(9).

20. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. <u>Id.</u> § 12182(b)(2)(A)(v).

21. Here, Rush alleges that San Marcos Stadium 18 can easily remove the architectural barriers at Theater without much difficulty or expense, and that San Marcos Stadium 18 violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

*Rush v. Regal Cinemas, Inc. dba San Marcos Stadium 18, et al.*
Plaintiff's Complaint

22. In the alternative, if it was not "readily achievable" for San Marcos Stadium 18 to remove the Theater's barriers, then San Marcos Stadium 18 violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

<u>Failure to Design and Construct an Accessible Facility</u>

23. On information and belief, the Theater was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

24. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25. Here, San Marcos Stadium 18 violated the ADA by designing or constructing (or both) the Theater in a manner that was not readily accessible to the physically disabled public—including Rush—when it was structurally practical to do so.[2]

<u>Failure to Make an Altered Facility Accessible</u>

26. On information and belief, the Theater was modified after January 26, 1992, independently triggering access requirements under the ADA.

27. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

---

[2] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

28. Here, San Marcos Stadium 18 altered the Theater in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Rush—to the maximum extent feasible.

<u>Failure to Modify Existing Policies and Procedures</u>

29. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30. Here, San Marcos Stadium 18 violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Theater, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31. Rush seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32. Rush also seeks a finding from this Court (*i.e.*, declaratory relief) that San Marcos Stadium 18 violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM

**Disabled Persons Act**

33. Rush incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37. Here, San Marcos Stadium 18 discriminated against the physically disabled public—including Rush—by denying them full and equal access to the Theater. The San Marcos Stadium 18 also violated Rush's rights under the ADA, and, therefore, infringed upon or violated (or both) Rush's rights under the Disabled Persons Act.

38. For each offense of the Disabled Persons Act, Rush seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39. She also seeks to enjoin San Marcos Stadium 18 from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

40. Rush incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44. San Marcos Stadium 18's aforementioned acts and omissions denied the physically disabled public—including Rush—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

45. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Rush by violating the Unruh Act.

46. Rush was damaged by San Marcos Stadium 18's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

47. Rush also seeks to enjoin San Marcos Stadium 18 from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

**Denial of Full and Equal Access to Public Facilities**

48. Rush incorporates the allegations contained in paragraphs 1 through 13 for this claim.

49. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

50. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51. Rush alleges the Theater is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Theater was not exempt under Health and Safety Code § 19956.

52. San Marcos Stadium 18's non-compliance with these requirements at the Theater aggrieved (or potentially aggrieved) Rush and other persons with physical disabilities. Accordingly, she seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Rush prays judgment against San Marcos Stadium 18 for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that San Marcos Stadium 18 violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expenses, and costs of suit.[3]

5. Interest at the legal rate from the date of the filing of this action.

DATED: June 21, 2010        DISABLED ADVOCACY GROUP, APLC

                            _____
                            LYNN HUBBARD, III
                            Attorney for Plaintiff

---

[3] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Rush v. Regal Cinemas, Inc. dba San Marcos Stadium 18, et al.*
Plaintiff's Complaint

Page 11

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**
JUN 22 2010
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

## I. (a) PLAINTIFFS
SANDI RUSH

**DEFENDANTS**
SEE ATTACHED LIST

(b) County of Residence of First Listed Plaintiff  **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
LYNN HUBBARD, III   DISABLED ADVOCACY GROUP, APLC
12 Williamsburg Lane   Chico, CA 95926   (530) 895-3252

Attorneys (If Known)

**'10 CV 1317 H   WVG**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  |  | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** / **CIVIL RIGHTS** / **PRISONER PETITIONS** | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation / ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure / ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment / ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land / ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability / ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  | **IMMIGRATION** |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property / ☒ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
| / ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  |  | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12101, et seq.

Brief description of cause:
Ongoing violations of the ADA Construction Standards

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  06/21/2010

SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 14880   AMOUNT $350   6/22/10 BH   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

CR

# **DEFENDANT LIST**

1. REGAL CINEMAS, INC. dba SAN MARCOS STADIUM 18;
2. GIBRALTAR SAN MARCOS S, LLC;
3. SAN MARCOS EDWARDS 13, LLC;
4. SAN MARCOS EDWARDS 21, LLC;
5. SAN MARCOS EDWARDS 22, LLC;
6. SAN MARCOS EDWARDS 23, LLC;
7. SAN MARCOS EDWARDS 24, LLC;
8. SAN MARCOS EDWARDS 25, LLC;
9. SAN MARCOS EDWARDS 26, LLC;
10. SAN MARCOS EDWARDS 27, LLC;
11. SAN MARCOS EDWARDS 28, LLC;
12. SAN MARCOS EDWARDS 29, LLC;
13. SAN MARCOS EDWARDS 30, LLC

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS014880
Cashier ID: bhartman
Transaction Date: 06/22/2010
Payer Name: LYNN HUBBARD
----------------------------------
CIVIL FILING FEE
 For: RUSH V REGAL CINEMAS ET AL
 Case/Party: D-CAS-3-10-CV-001317-001
 Amount:         $350.00
----------------------------------
CREDIT CARD
 Amt Tendered:  $350.00
----------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```